## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

JAMES L. SHAW III                                                        PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:13CV-P62-R

UNITED STATES OF AMERICA                                                 DEFENDANT

## <u>MEMORANDUM OPINION</u>

On May 20, 2013, the Clerk of Court issued a deficiency notice to Plaintiff directing him

to sign the complaint and to file a certified copy of his jail/prison trust account statement for the

six-month period preceding the filing of the complaint (DN 4).  The deficiency notice advised

Plaintiff that failure to comply within 30 days, without good cause shown, would result in this

matter being brought to the attention of the Court.  Plaintiff failed to respond.  On June 27, 2013,

therefore, the Court entered an Order directing Plaintiff to show cause why the action should not

be dismissed for failure to comply with the May 20, 2013, deficiency notice, or alternatively, to

comply with the deficiencies (DN 5).  The Court warned Plaintiff that failure to comply with the

Order within 21 days would result in dismissal of this civil action.  The 21 days have passed

without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  Additionally, courts have inherent

power "acting on their own initiative, to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630 (1962).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan*, 951 F.2d at 110.

Because Plaintiff failed to comply with the Clerk's directive and with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:  Plaintiff, *pro se*
4413.005